IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROL SHI,** | : | **CIVIL NO. 1:CV-03-1757** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES BUREAU OF** | : | |
| **CITIZENSHIP & IMMIGRATION** | : | |
| **SERVICES; JOHN ASHCROFT,** | : | |
| **United States Attorney General; and** | : | |
| **JACK W. BENNETT, Acting District** | : | |
| **Director, New Orleans District,** | : | |
| | : | |
| **Defendants** | : | |

# M E M O R A N D U M

Before the court is Plaintiff's application for attorneys' fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1). The parties have briefed the issue, and the matter is ripe for disposition. For the reasons that follow, the court will deny Plaintiff's application.


I.        Background

The facts are well known to both parties. Accordingly, the court will not reiterate the facts in detail. In summary, Plaintiff filed her Complaint on October 3, 2003, seeking judicial review of the denial of her application for naturalization. The parties stipulated to the applicable law and facts and filed cross motions for summary judgment. On October 27, 2004, Plaintiff filed a motion for oral arguments on the parties' cross motions for summary judgment. The court granted Plaintiff's motion, and heard oral arguments January 21, 2005 via a teleconference. On February 23, 2005, the court entered judgment in favor of Plaintiff.

## II.        Legal Standard

The Equal Access to Justice Act provides in relevant part that

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The government has the burden of establishing that its position was substantially justified. *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998)  "In order to do so, the government must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id*. Elaborating on the phrase "substantially justified", the Supreme Court stated that it "has never been described as meaning 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute.' " *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations omitted).  According to the Third Circuit: " '[A] legal position is substantially justified if it relates to an unsettled or close question of law, but not if it offends established precedent.' " *Hanover Potato Products, Inc. v. Shalala,* 989 F.2d 123, 131-32 (3d Cir. 1993) (quoting *Russell v. Heckler*, 814 F.2d 148, 153 (3d Cir.1987)).

**III.**         **Discussion**

It is undisputed that Plaintiff was the prevailing party.[1]  At issue before the court on summary judgment was whether Plaintiff had continuous residency in the United States to fulfill the requirements of 8 U.S.C. § 1427.  The issue presently before the court is whether the government's position, that Plaintiff had failed to maintain continuous residency in the United States, was substantially justified.  Plaintiff asserts that the government was not substantially justified in its position and that she is entitled to attorneys' fees and related costs; however, the court notes that Plaintiff fails to cite to any case law supporting her position.  The government maintains that its position was substantially justified.  For the following reasons, the court agrees with the government and will deny Plaintiff's application.

Section 1427 provides in relevant part:

**(a) Residence**
No person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant, (1) immediately, preceding the date of filing his application for naturalization has resided continuously, after being admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time, and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months, (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, and (3) during all the period referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of

---

[1] The court notes that "[t]he EAJA is not a 'loser pays' statute." *Morgan*, 142 F.3d at 685.  Thus, even though Plaintiff was ultimately granted the relief she requested, citizenship in the United States, that does not automatically entitle her to the fees she now requests.

the United States, and well disposed to the good order and happiness of the United States.

**(b) Absences**
Absences from the United States of more than six months but less than one year during the period for which continuous residence is required for admission to citizenship, immediately preceding the date of filing the application for naturalization, or during the period between the date of filing the application for naturalization and the date of any hearing under section 1447(a) of this title, shall break the continuity of such residence, unless the applicant shall establish to the satisfaction of the Attorney General that he did not in fact abandon his residence in the United States during such period.

8 U.S.C. § 1427. Additionally, 8 C.F.R. § 316.5 (c)(1)(i) provides:

The types of documentation which may establish that the applicant did not disrupt the continuity of his or her residence in the United States during an extended absence include, but are not limited to, evidence that during the absence:
(A) The applicant did not terminate his or her employment in the United States;
(B) The applicant's immediate family remained in the United States;
(C) The applicant retained full access to his or her United States abode; or
(D) The applicant did not obtain employment while abroad.

As stated by Plaintiff in her brief in support of her motion for summary judgment: " 'Continuity of residence' is a term of art that is used only in the naturalization context.  The regulations define what disrupts continuity of residence, but they do not give an affirmative definition of the term."  (Doc. 20 at 5.)  It was undisputed by the parties that Plaintiff had been absent from the United States for two periods exceeding six months.  Plaintiff maintained that her first absence exceeding six months was supported by the criteria listed in 8 C.F.R. § 316.5

4

(c)(1)(i).[2]  However, with respect to her second absence exceeding six months, Plaintiff acquiesced that her "situation is not so easily supported by the criteria listed in the regulations."  (Doc. 20 at 11.)  With respect to her position that she had not broken her continuity of residence during her second absence exceeding six months, Plaintiff argued that "the regulations clearly state that the list of factors contained therein is nonexhaustive and not solely determinative of whether an applicant has maintained continuity of residence."  (*Id.*)

The court agreed with Plaintiff; however, it was admittedly a close call. With respect to the four factors listed in § 316.5 (c)(1)(i), the court found that Plaintiff was not employed in the United States, her husband and son remained in China, she did not maintain a house in the United States, and that she was abroad for the purposes of employment.  The court provided in it memorandum accompanying its February 23, 2005 order that "[w]hile Plaintiff's second absence in excess of six months does not fit within the four nonexclusive factors promulgated in 8 C.F.R. § 316.5 the court finds that there are additional factors that should be considered." (Doc. 26.)

The court found that the following factors tipped the balance in favor of Plaintiff.  Plaintiff maintained a United States' driver's license, as well as numerous accounts such as IRAs, credit cards, and banking accounts.  Plaintiff never purchased any real property in China or in Hong Kong.  While she was overseas, Plaintiff lived in an apartment that was furnished to her by her employer.  Plaintiff also filed a federal tax form each year after she filed her application for naturalization and

---

[2]With respect to Plaintiff's first absence in excess of six months, the court found that Plaintiff had not broken her continuity of residence based on the criteria listed in § 316.5 (c)(1)(i).

she filed four separate reentry permits  in order to notify the United States Citizenship and Immigration Services that "a lawful permanent resident of the United States is leaving the United States for an extended period of time, but that [Plaintiff] ha[d] no intention of abandoning . . . her legal permanent residence."  (Pl.'s Mem. Supp. Pl.'s Mot. Summ. J. at 11.)

While the court found that Plaintiff had maintained a continuous residency in the United States, it was not based on factors enumerated in § 316.5 (c)(1)(i).  Moreover, there was no case law directly on point supporting Plaintiff's position that the unenumerated factors supported a finding that she had maintained a continuous residency in the United States.  Thus, the government's position did not offend existing precedent.

As stated, the parties stipulated to the facts; thus there was a reasonable basis in truth for the facts alleged.  The government properly considered the factors listed in § 316.5 (c)(1)(i).  Because Plaintiff failed to meet the factors listed in § 316.5 (c)(1)(i), and because there was no case law directly related to the unenumerated factors presented by Plaintiff, the court finds that there was a "genuine dispute" as to whether Plaintiff had maintained a continuous residency in the United States.[3] *Pierce*, 487 U.S. 565.  Thus, the government's position was substantially justified. Accordingly, the court will deny Plaintiff's application for attorneys' fees and related costs.

---

[3]The court notes that "the burden is on the alien to show [her] eligibility for citizenship in every respect."  *Berenyi v. District Director, INS*, 385 U.S. 630, 637 (1967).

**IV.** **Conclusion**

In accordance with the foregoing reasons, the court will deny Plaintiff's application for attorneys' fees and related costs pursuant to Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1).  An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  September 12, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROL SHI,** | : | **CIVIL NO. 1:CV-03-1757** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES BUREAU OF** | : | |
| **CITIZENSHIP & IMMIGRATION** | : | |
| **SERVICES; JOHN ASHCROFT,** | : | |
| **United States Attorney General; and** | : | |
| **JACK W. BENNETT, Acting District** | : | |
| **Director, New Orleans District,** | : | |
| | : | |
| **Defendants** | : | |

## O R D E R

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT** Plaintiff's application for attorneys' fees and related costs pursuant to Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1) (2005) (Doc. 28) is **DENIED**.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  September 12, 2005.